**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JACOB WHEELER, | ) |
| Plaintiff, | ) ) ) Case No._____ |
| v. | ) ) |
| METROMILE, INC., DAN PRESTON, COLIN BRYANT, JOHN BUTLER, SANDRA CLARKE, RYAN GRAVES, and VIKAS SINGHAL, | ) ) ) ) ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** ) ) **JURY TRIAL DEMANDED** |
| Defendants. | ) ) |

Plaintiff Jacob Wheeler ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Metromile, Inc. ("Metromile" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Lemonade, Inc. ("Lemonade") will acquire the Company through Lemonade's subsidiaries Citrus Merger Sub A, Inc. ("Acquisition Sub I") and Citrus Merger Sub B, LLC ("Acquisition Sub II") (the "Proposed Transaction").[1]

2.      On November 8, 2021, Metromile and Lemonade jointly announced their entry into

---

[1] Non-party Lemonade is a Delaware corporation with its principal executive offices located at 5 Crosby Street, 3rd Floor, New York, New York 10013.  Lemonade's common stock trades on the New York Stock Exchange under the ticker symbol "LMND."  Non-party Acquisition Sub I is a Delaware corporation and a wholly owned subsidiary of Lemonade. Non-party Acquisition Sub II is a Delaware limited liability company and a wholly owned subsidiary of Lemonade.

an Agreement and Plan of Merger dated the same day (the "Merger Agreement"). That agreement provides Metromile stockholders will receive 0.05263 shares of Lemonade common stock for each share of Company common stock they own (the "Merger Consideration").[2]

3.  On December 29, 2021, Metromile filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Metromile stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.  It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.  The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who

---

[2] The approximate value of the Proposed Transaction is $500 million.

has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a stockholder of Metromile.

10. Defendant Metromile is a Delaware corporation w with its principal executive offices located at 425 Market Street #700, San Francisco, California 94105. The Company is a leading digital insurance platform in the United States. Metromile's common stock trades on the Nasdaq Capital Market under the ticker symbol "MILE."

11. Defendant Dan Preston ("Preston") has been Chief Executive Officer ("CEO") of the Company since 2014, and a director at all relevant times.

12. Defendant Colin Bryant ("Bryant") is and has been a director of the Company at all relevant times.

13. Defendant John Butler ("Butler") has been Chairman of the Board since August 31, 2021, and a director of the Company since August 4, 2021.

14. Defendant Sandra Clarke ("Clarke") is and has been a director of the Company since August 31, 2021.

15. Defendant Ryan Graves ("Graves") is and has been a director of the Company at all relevant times.

16. Defendant Vikas Singhal ("Singhal") is and has been a director of the Company at all relevant times.

17. Defendants identified in paragraphs 10-16 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18.     On November 8, 2021, Metromile and Lemonade jointly announced in relevant part:

New York (November 8, 2021)—Lemonade (NYSE: LMND) the insurance company powered by AI and social good, and Metromile (NASDAQ: MILE, MILEW), the data science company focused on auto insurance, have entered into a definitive agreement pursuant to which Lemonade will acquire Metromile in an all-stock transaction that implies a fully diluted equity value of approximately $500 million, or just over $200 million net of cash. Under the terms of the transaction, Metromile shareholders will receive Lemonade common shares at a ratio of 19:1.

While Lemonade has been at the forefront of using big data and AI in home and pet insurance, Metromile has been trailblazing a parallel path for car insurance. Metromile's car-mounted precision sensors took over 400 million road trips in recent years, covering billions of miles and sending real-time streams to the Metromile cloud. These were cross referenced with actual claims data, yielding precise predictions for losses per mile driven.  These algorithms hold the promise of propelling Lemonade Car from a newcomer in the car insurance space to its vanguard.

"We launched Lemonade Car last week, and we think you'll love how it looks and handles.  Pop the hood and you'll see that it's powered by telematics and architected to learn from the data it generates, with precision pricing as its ultimate destination," said Daniel Schreiber, Lemonade CEO and cofounder.  "That's where Metromile comes in.  They have been down this road billions of times, and their proprietary data and machine learning algorithms can vault us over the most time and cost intensive parts of the journey.  In a vast and competitive market like auto insurance, today's deal is a huge unlock of value for our customers and shareholders."

Metromile enjoys 49 state licenses, over $100 million of seasoned in-force premium (IFP), over $250 million of cash on the balance sheet, and a team unmatched for their expertise in harnessing big data and AI for car insurance.

"We've long admired Lemonade for its beautiful products, world-class customer experience, unprecedented growth, and socially-impactful business model," said Dan Preston, CEO of Metromile.  "The data science-driven technology platform we built created fairer and more individualized car insurance for consumers in an industry marred by vast inequities.  Joining forces with Lemonade Car will create the most customer-centric, fair, and affordable car insurance, and is a great outcome for Metromile shareholders, who will benefit as shareholders of the combined company. It also means that now, homeowners, renters, and drivers alike can have all of their insurance needs with a single company that truly has their best interests at heart."

>The transaction is expected to close during Q2 2022, once all regulatory approvals have been secured. The transaction requires the approval of Metromile stockholders, and is subject to other customary closing conditions.

**The Proxy Statement Contains Material Misstatements or Omissions**

19. Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Metromile's stockholders. The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

20. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's and Lemonade's financial projections and the valuation analyses underlying the fairness opinion provided by the Company's financial advisor Allen & Company LLC ("Allen"); (b) the background of the Proposed Transaction; and (c) Company insiders' potential conflicts of interest.

*Material Omissions Concerning the Company's Financial Forecasts and the Financial Analyses Relied on by the Board*

21. The Proxy Statement omits material information regarding the financial forecasts for the Company and Lemonade, including the line items underlying each's financial forecasts for Unlevered Free Cash Flow.

22. The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Allen.

23. The Proxy Statement describes the Allen fairness opinion and the various underlying valuation analyses. Those descriptions, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding Allen's work. As a result, Metromile stockholders cannot assess what significance to place on Allen's fairness opinion in determining whether to approve the

Proposed Transaction or otherwise act.

24. With respect to Allen & Company's *Selected Public Companies Analyses* and *Precedent Transactions Analysis*, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the comparable companies and transactions observed by Allen & Company, respectively; and (b) with respect to the *Selected Public Companies Analyses* of Metromile, Metromile's calendar year 2022 estimated gross premium.

25. With respect to Allen & Company's *Discounted Cash Flow Analysis* of Metromile, the Proxy Statement fails to disclose: (a) the value of the potential tax benefit of Metromile's net operating losses; (b) Metromile's fiscal year 2031 estimated net operating profit after tax for its insurance operations and fiscal year 2031 estimated revenue for its enterprise business operations, used to calculate the implied terminal values for the Company; (c) the implied terminal values for Metromile; and (d) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis.

26. With respect to Allen & Company's *Discounted Cash Flow Analysis* of Lemonade, the Proxy Statement fails to disclose: (a) the value of the potential tax benefit of Lemonade's net operating losses; (b) Lemonade's fiscal year 2031 estimated net operating profit after tax, used to calculate the implied terminal values for Lemonade; (c) the implied terminal values for Lemonade; and (d) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis.

27. The omission of this material information renders the statements in the "Certain Financial Forecasts Utilized by Metromile in Connection with the Mergers" and "Opinion of Metromile's Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act. Indeed, when a banker's endorsement of the fairness of a

transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

***Material Omissions Concerning Potential Conflicts and Background of the Proposed Transaction***

28. The Proxy Statement also fails to disclose material information concerning potential conflicts and the background of the Proposed Transaction.

29. First, the Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Metromile's insiders, including the details of any employment and retention-related discussions and negotiations that occurred between Lemonade and Metromile's executive officers, including who participated in all such communications, when they occurred and their content. The Proxy Statement further fails to disclose whether any of Lemonade's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of this material information renders the statements in the "Background of the Mergers" and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

31. With respect to the background of the Proposed Transaction, the Proxy Statement fails to disclose whether any non-disclosure agreement into which the Company entered include a "don't-ask, don't-waive" ("DADW") standstill provision that presently is precluding a potential counterparty from submitting a topping bid for the Company.

32. The omission of this material information renders the statements in the "Background of the Mergers" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

33. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Metromile stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder

34. Plaintiff repeats all previous allegations as if set forth in full.

35. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

36. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Allen. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

38. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

40. Plaintiff repeats all previous allegations as if set forth in full.

41. The Individual Defendants acted as controlling persons of Metromile within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Metromile, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous

recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

44. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

45. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Metromile's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Metromile, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Metromile stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange

Act, as well as SEC Rule 14a-9 promulgated thereunder;

    D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 13, 2022       **LONG LAW, LLC**

            By */s/ Brian D. Long*
              Brian D. Long (#4347)
              3828 Kennett Pike, Suite 208
              Wilmington, DE 19807
              Telephone: (302) 729-9100
              Email: BDLong@longlawde.com

              *Attorneys for Plaintiff*